UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Green, Jr., #116977, | ) C/A No.: 3:11-1040-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| State Farm Insurance; and | ) |
| GMAC Insurance, | ) |
| | ) |
| Defendants. | |

_____

Plaintiff, Frank Green, proceeding *pro se*, files this civil action concerning a motor vehicle accident. Plaintiff is incarcerated at Lee Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Judge.

I.      Factual Background

Plaintiff has filed this action against two insurance companies concerning a May 2009 car accident. Plaintiff alleges he was a passenger in a car insured by Defendant, State Farm Insurance Company, and was injured on May 31, 2009 by another driver insured by GMAC Insurance Company. Plaintiff seeks damages for "legal expenses, loss (sic) income, essential services expenses, expenses incurred for medical treatment resulting from this accident without regards to fault, and any and all relief the court deem[s] necessary and fair."

1

In his Complaint, Plaintiff alleges that Defendant GMAC is located in Winston-Salem, North Carolina, and that State Farm Insurance in located in Duluth, Georgia. In an Order (ECF No. 6) entered on May 23, 2011, the Plaintiff was sent special interrogatories which Plaintiff answered and filed on June 13, 2011 (ECF No. 8). Plaintiff was asked where he resided prior to his incarceration. Plaintiff indicated he lived in Lumberton, North Carolina for approximately one year.

II.     Discussion

   A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an

arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

B.    Analysis

In order for this Court to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation. It is well established that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and federal statute. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch.Dist.*, 475 U.S. 534, 541 (1986). This limited jurisdiction is not to be expanded by judicial decree. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).

It is to be presumed that a cause lies outside this limited jurisdiction, *see Turner v, Bank of North America*, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the complaint filed by the Plaintiff in the above-captioned matter do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

Any state law causes of action, such as an insurance claim, would be cognizable in this court under the diversity statute, *Cianbro Corp. v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), if that statute's requirements are satisfied. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This Court has no diversity jurisdiction because the Plaintiff and one of the

Defendants are residents of the State of North Carolina. Although Plaintiff is incarcerated at Lee Correctional Institution in South Carolina, most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute. *See Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D.Ga. 1973)("A prisoner does not acquire a new domicile in the place of incarceration, but retains the domicile he had prior to incarceration."); *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir.)(*per curiam*)("With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead he retains the domicile he had prior to his incarceration."); *Nouse v. Nouse*, 450 F. Supp. 97, 100 (D.Md. 1978)("But plaintiff has not lost his status as a citizen of Maryland and become a citizen of Pennsylvania simply because of his incarceration in that state."). Plaintiff has provided the address for Defendant GMAC as Winston-Salem, North Carolina. Since this is the case, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking.

Second, the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint involves an alleged personal injury claim. Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction is present. Plaintiff's allegations do not contain any reference to an alleged violation of any federal statute or constitutional provision by the Defendants, nor is

5

any type of federal question jurisdiction evident from the face of the Complaint.

III.    Conclusion

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra*; *Neitzke v. Williams, supra*; *Haines v. Kerner, supra*; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A.

Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina
September 1, 2011

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).