# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank Green, Jr., #116977, | ) | C/A No.: 3:11-1040-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| State Farm Insurance and GMAC Insurance, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Frank Green, Jr., brings this action against two insurance companies seeking damages for medical, legal and other expenses he incurred as a result of a car accident wherein he was injured in May 2009.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed because this court has no diversity jurisdiction over the matter. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on September 1, 2011. The plaintiff did not file objections to the Report. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As the Magistrate Judge properly explains, no diversity jurisdiction exists because the plaintiff and one of the defendants are residents of the State of North Carolina.  Even though the plaintiff is incarcerated in the South Carolina Department of Corrections, a prisoner does not acquire a new domicile when he becomes imprisoned.  That is, he retains the domicile he had prior to incarceration.  Moreover, the Magistrate Judge opines that the essential allegations of the complaint are insufficient to show that this case is one arising under the Constitution, laws, or treaties of the United States.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

October 5, 2011                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

2